IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>v.<br><br>SCOTT A. TUCKER,<br><br>      and<br><br>WAYNE BARRETT CHAPIN III,<br>      Defendants. | Case No. 17-cr-20083-CM |

## SCOTT TUCKER'S MOTION FOR PRETRIAL RELEASE IN ORDER TO BEGIN CUSTODY IN A BUREAU OF PRISONS FACILITY

Scott A. Tucker, by and through CJA counsel, respectfully moves this Court for an Order granting him pretrial release in the above-referenced matter, with the sole purpose of such request being the placement of Mr. Tucker in the custody of the Bureau of Prisons, as set forth below.

Mr. Tucker states the following in support of his request.

1.    As this Court knows, this is a complex case with an inordinately large amount of discovery data.  The parties previously agreed that the case *United States v. Tucker & Muir*, Case No. 16CR091 (SDNY)("the SDNY case"), and its pending appeals in the Second Circuit Court of Appeals, *United States v, Tucker & Muir*, Appeal Nos. 18-184 (2d. Cir. 2018), have significant bearing on the manner in which this case will proceed.  Accordingly, the parties have continued this case by agreement until March 2019, in order to ascertain whether any action in the appeal causes a resolution of this case.  The parties agreed that it makes sense to await the result of the pending appeal before expending substantial amounts of public funds on processing

and staging for review the significant amount of discovery data.  It is reasonable to expect that the appeal may not be completed until mid-year or later next year.  Accordingly, it is reasonable to expect that there will be no hearings in this matter for an extended period of time.

2. Mr. Tucker received a significant sentence in the SDNY case.  He is presently registered with the Bureau of Prisons with a release date of June 2032.  He was designated to serve his sentence at the Federal Correctional Institution (FCI) in Englewood, Colorado.  Absent his present detention at CoreCivic on this case, Mr. Tucker would be detained by the Bureau of Prisons ("BOP").

3. Mr. Tucker seeks a release order in this case, solely for the purpose of being transferred into BOP custody.  He is not scheduled to have any hearing in this case for approximately 6 months.  He likely will not have any hearing for an even longer period of time.  Moreover, absent a substantive hearing, Mr. Tucker would waive his appearance and communicate with court-appointed counsel on any appropriate issues. It could be a significantly long period of time before Mr. Tucker has to appear in this Court again.  He desires placement at an appropriate BOP facility where he can serve his presently imposed sentence, as opposed to remaining warehoused in the pretrial detention setting of CoreCivic, where Mr. Tucker's existing sentence causes him to be a high security classification, as opposed to the low security classification designated by the BOP.

4. The framework for balancing the considerations articulated above is established by statute.  In making a determination about whether conditions for release exist which could reasonably assure the appearance of the defendant and the safety of any other person and the community, courts must consider factors articulated in 18 U.S.C. § 3142(g), which examine:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)      the weight of the evidence against the person;

    (3)      the history and characteristics of the person, including but not limited to family ties, employment, length of residence in the community, past conduct, criminal history, any other court issues pending at the time of the current offense; and

    (4)      the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The present case is not a drug case, and it does not involve a crime of violence. Mr. Tucker's co-defendant correctly is on release status. The only reason Mr. Tucker is not also on release status is the pre-existing BOP sentence. The other considerations under the statute are intended to guide the Court in evaluating whether an individual is a flight risk or a danger to the community. Mr. Tucker, however, is not seeking release so he can be in the community. His request triggers no concern about danger to the community or flight risk. He seeks a release order in order to trigger a transfer into BOP custody, where he can serve his pre-existing sentence in an appropriate facility.

    5.      The government opposes the request set forth in this motion. Counsel understands that the primary reason for the objection is that the government is not in the business of transporting defendants who are awaiting resolution of pending charges. This is an understandable position, but the present case is not typical and the requested relief would only place Mr. Tucker in line for transfer pursuant to the normal logistical transportation scheme that is constantly at play in the federal system. Moreover, Mr. Tucker consents to placement in whatever BOP facility is deemed appropriate, without regard to his earlier designation.

    **WHEREFORE**, the Defendant respectfully moves this Court for an Order of release in the present case, solely to cause the Bureau of Prisons to place Mr. Tucker in custody, per the pre-existing sentence from the SDNY case.

Dated:  October 1, 2018

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

/s/ Jeffrey D. Morris
Jeffrey D. Morris, KS Bar No. 16123
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
Email:  jmorris@berkowitzoliver.com

**CJA COUNSEL FOR
SCOTT A. TUCKER**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the U.S. District Court for the District of Kansas with notice of case activity generated and sent electronically on this 1st day of October 2018, to all counsel of record in the case.

/s/ Jeffrey D. Morris
Attorney for Mr. Tucker