Filed in Open Court
11/1/2021
Skyler B. O'Hara
By B Wiest
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>SCOTT A. TUCKER<br><br>Defendant. | Case No. 17-20083-01-JAR |

PLEA AGREEMENT PURSUANT TO FEDERAL RULE
OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Assistant United States Attorneys D. Christopher Oakley and Scott C. Rask, Scott A. Tucker, the defendant, personally and with his counsel, Jeffrey D. Morris, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count One of the Information charging a violation of 26 U.S.C. § 7206(1), that is, Filing a False or Fraudulent Tax Return. By entering into this plea agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Information to which he has agreed to plead guilty is not more than three years of imprisonment, a $250,000 fine, one year of supervised release, a $100 mandatory special assessment, and agreed restitution to the Internal Revenue Service of $40,772,066.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Defendant Scott Tucker owned and operated various entities involved in online payday lending. In 2003, Defendant began entering into service agreements with federally recognized Native American tribes.

Loan applications, application assessment, loan applicant assistance, and collection activity for the various online payday lending companies was conducted by a Kansas company owned by Defendant, originally known as National Money Services (aka NM Services), later renamed and known as CLK Management, which then became AMG Services (AMG).

Beginning in 2007, Defendant's 2002 through 2005 Forms 1040 were audited by the Internal Revenue Service (IRS). As part of the audit process, Defendant hired codefendant Wayne Barrett Chapin III to assist in the audit process, which ultimately led to Defendant filing amended tax returns for those years.

Codefendant Chapin prepared Defendant's 2008, 2009, and 2010 tax returns. Codefendant Chapin also maintained oversight of the AMG accounting department, located in Overland Park, Kansas, which maintained the books for payday lending entities and non-payday lending businesses owned and controlled by Defendant. One of those non-payday lending businesses was Level 5 Motorsports ("Level 5").

In 2010, Defendant was the sole owner and controlled all operations of Level 5, a company that participated in various levels of automobile racing. Level 5 raced in numerous venues in the United States and internationally as a sophisticated and professional racing operation. The operating expenses for Level 5 were substantial but Level 5 was never operated by Defendant with an intent to generate a profit.

For the 2010 tax return, Defendant with the assistance of codefendant Chapin, reported on a "Schedule C – Profit or Loss from Business" that Level 5 had $18,251,761 in gross receipts. That 2010 tax return reported other business expenses exceeding $9,000,000, with almost $1,000,000 expended on video promotion. The total Level 5 business expenses on the return amounted to $17,514.212.

Defendant and codefendant Chapin knew that Level 5 was not operated as a business to generate profit, so they knew the tax return was materially false and fraudulent to report business income and loss on Defendant's personal Form 1040 for 2010 with regard to such financial matters for Level 5. Thus, the 2010 tax return was not true and correct in every material matter as the information regarding Level 5 attempted to disguise the tax due and owing.

Defendant agrees to a consent restitution amount of $40,772,066 to the IRS.

3. **Proposed Rule 11(c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case:

(a) 36 months in prison on Count 1, the maximum statutory sentence, concurrent to the 200-month sentence being served in S.D. NY case no. 16CR0091;

(b) one year of supervised release concurrent to the term of supervised release imposed in S.D. NY case no. 16CR0091;

(c) no fine;

(d) the mandatory special assessment of $100; and

(e) agreed restitution to the Internal Revenue Service in the amount of $40,772,066.

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement. This plea agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to dismiss the Indictment at the time of sentencing, and agrees to not file any additional charges against the defendant arising out of the facts forming the basis for

the present Information or Indictment. Additionally, the government does not oppose Defendant returning to BOP custody pending his sentence hearing.

6. **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this plea agreement.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea. If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

9. **Identification of Assets and Agreement Concerning Monetary Penalties (Restitution, Fines, Assessments) and Forfeiture.** The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

   (a) Defendant agrees to execute a financial statement provided by the United States Attorney's Office and to update the statement with any material changes within 30 days of any such change. Defendant further agrees to provide all supporting documentation, including, but not limited, to copies of federal tax returns. The defendant agrees to disclose all assets in which defendant has any interest or which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within six years preceding the entry of the judgment in this criminal case. Additionally, the defendant agrees to periodically execute an updated financial statement at the request of the United States Attorney's Office until such time the judgment debt is paid in full.

(b) Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees the United States Attorney's Office may subpoena any records it deems relevant to conduct a full financial investigation. Defendant agrees to discuss or answer any questions by the United States relating to its financial investigation.

(c) Defendant agrees to submit to an examination prior to and/or after sentencing, which may be taken under oath, and/or may include a polygraph examination.

(d) Defendant agrees that any waivers, consents, or releases executed for the United States Probation Office for purposes of preparation of the Presentence Report may be provided to the United States Attorney's Office. All information defendant provided to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office.

(e) Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control, without written approval from the United States Attorney's Office.

(f) Defendant agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment), will be due and payable immediately and subject to immediate enforcement by the United States. Should the Court impose a schedule of payments, he agrees that the schedule of payments is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If defendant is incarcerated, defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(g) If defendant posted funds as security for defendant's appearance in this case, defendant authorizes the Court to release the funds to the Clerk of the United States District Court to be applied to the criminal monetary impositions at the time of sentencing.

(h) Defendant waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment entered by this Court.

(i) Defendant agrees to notify the United States Attorney's Office within 30 days of any change of address or other contact information until the judgment debt is paid in full.

(j) Defendant agrees the terms of this agreement shall be incorporated into the Judgment in a Criminal Case.

(k) Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default, and agrees to be immediately included in the Treasury Offset Program allowing federal benefits and payments to be offset and applied to the balance of criminal monetary penalties.

(l) Defendant agrees that noncompliance with any of the terms set forth in this paragraph will result in a continuance of the sentencing hearing.

11. **Restitution.** The defendant knowingly and voluntarily agrees and consents:

(a) The defendant agrees to pay restitution to the Internal Revenue Service in the amount of $40,772,066, pursuant to 18 U.S.C. § 3663(a)(3). The defendant understands and agrees that this figure does not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26.

(b) The defendant agrees, for purposes of this Plea Agreement, that the total amount of agreed restitution to be paid by him is $40,772,066.

(c) The parties have agreed and Mr. Tucker has consented to the agreed restitution amount being broken down as follows:

Tax year 2008: $14,622,296

Tax year 2010: $26,149,770

Total: $40,772,066

(d) The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, which it may do as a condition of supervised release, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

(e) The IRS will use the amount of agreed restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Interest on the restitution-based assessment will accrue under 26 U.S.C. § 6601 from the last date prescribed for payment of the tax liability that is the subject of the restitution-based assessment to the date that the IRS receives full payment.

(f) The defendant is entitled to receive credit for restitution paid pursuant to this Plea Agreement against any assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The defendant understands and agrees

(g)     that this Plea Agreement does not resolve his civil tax liabilities; that the IRS may seek additional taxes, interest, and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period(s); and that satisfaction of the restitution debt does not settle, satisfy, or compromise defendant's obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

(g) The defendant understands that he is not entitled to credit with the IRS for any payment until the IRS receives the payment.

(h) If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as directed), and to disclose to the IRS any and all additional financial information and financial statements provided to the U.S. Probation Office. The defendant also agrees to provide the above-described information to the U.S. Attorney's Office.

(i) If the defendant makes a payment of the restitution agreed to in this paragraph prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to this paragraph.

(j) The defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

    Clerk, U.S. District Court
    401 N. Market, Room 204
    Wichita, Kansas 67202

(k) With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the defendant will provide the following information:

(i) The defendant's name and Social Security number;

(ii) The name and Social Security number of the spouse with whom the defendant filed the joint returns for the tax periods identified herein;

(iii) The District Court and the docket number assigned to this case;

(iv) Tax year(s) or period(s) for which restitution has been ordered; and

(v) A statement that the payment is being submitted pursuant to the District Court's restitution order.

The defendant agrees to include a request that the Clerk of the Court send the information, along with the defendant's payments, to the IRS at:

>IRS - RACS
>Attn: Mail Stop 6261, Restitution
>333 W. Pershing Ave.
>Kansas City, MO 64108

The defendant understands and agrees that interest imposed by Title 26 will continue to accrue until the IRS actually receives the payment.

(l) The defendant also agrees to send a notice of any payments made pursuant to this Plea Agreement, including the information listed in the previous paragraph, to the IRS at:

>IRS - RACS
>Attn: Mail Stop 6261, Restitution
>333 W. Pershing Ave.
>Kansas City, MO 64108

10. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

11. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by

the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

14. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his

02803695.DOCX;-1                                10

background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

15. **Parties to the Agreement.** The defendant understands this plea agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

16. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this plea agreement embodies each and every term of the agreement between the parties.

17. The defendant acknowledges that he is entering into this plea agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

s/ *D. Christopher Oakley*  
D. Christopher Oakley  
Assistant United States Attorney

Date: October 29, 2021

500 State Avenue, Suite 360
Kansas City, KS 66101
(913) 551-6730
(913) 554-6541 (fax)
Chris.Oakley@usdoj.gov
KS Bar No. 19248

| | |
|---|---|
| s/ *Scott C. Rask* | Date: October 29, 2021 |

Scott C. Rask
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730
(913) 551-6541 (fax)
Scott.Rask@usdoj.gov
Kan. S. Ct. No. 15643

| | |
|---|---|
| s/ *Scott C. Rask* for | Date: October 29, 2021 |

CARRIE N. CAPWELL
Criminal Chief

_____  Date: 11-1-21
Scott A. Tucker
Defendant

_____  Date: 11-1-21
Jeffrey D. Morris
Berkowitz Oliver LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
(816) 561-7007
JMorris@BerkowitzOliver.com
Kan. S. Ct. No. 16123
Counsel for Defendant